IN THE

# HIGH COURT OF ERRORS AND APPEALS,

FOR THE

## STATE OF MISSISSIPPI.

### JULY TERM, 1843.

### W. H. JOHNSON, use, &c. *vs.* BLASDALE & GRUBBS, et al.

He who signs a bill or note in blank, and delivers it to another, makes that other
his agent, and authorizes him to fill it up with an indefinite amount.

A note signed in blank and delivered to another, is a letter of credit, unlimited
as to amount.

If an agent, in filling up a blank note, exceeds his authority, and the third per-
son receives the note with a knowledge that the authority was limited, and has
been transcended, the note will not be void *in toto*, but only for the excess be-
yond the sum which was authorized.

The act of an agent who exceeds his authority, is binding upon his principal to
the extent of his authority, but is void for the residue.

A. signs a note, blank as to amount, as surety for B., and authorizes B. to fill the
blank with the amount of B.'s intended purchase from C., provided it does
not exceed a certain sum ; B. makes a purchase, and fills up the blank in the
note with the amount of his own purchase and of D.'s purchase also, B. and
D.'s purchases combined being within the limit fixed by A., C. having full
knowledge of the nature and extent of B.'s authority. *Held*, that as to A.
there *was a failure of consideration* of the note to the extent of D.'s purchase
only ; and that these facts create no presumption of fraud on the part of C.
to prevent his recovery against A. as to the extent of B.'s purchase.

THIS cause was brought by writ of error from the Carroll
circuit court.

The facts of the case sufficiently appear in the arguments of
counsel and the opinion of the court.

*Landsdale & Brooke*, for plaintiffs in error.

This was an action on a promissory note for $2,146, drawn by Blasdale & Grubbs as principals, and defendant Gayden and others (as is shown by testimony) as securities. Non-assumpsit and a special plea were filed, but on trial, the special plea was withdrawn, and leave given to give special matter in evidence under the general issue. The defence relied on is shown by the testimony introduced into the record by bill of exceptions to the refusal of the court to set aside the verdict for the defendant and grant a new trial.

John M'Carroll testified on behalf of defendant, Gayden, that when he, Gayden, signed said note, it was in blank, and that his name was furnished to defendants, Blasdale & Grubbs, to enable them to purchase goods at the sale by plaintiff, as administrator of T. Land, deceased, and that Blasdale & Grubbs had authority from Gayden to fill up said blank note over his, Gayden's name, as surety, with the amount of goods purchased by them at said sale. Defendants also introduced Joseph Thompson, who testified that one Beasley and himself had purchased, at said sale, goods to the amount of $300 or $400, and that Blasdale & Grubbs agreed to include said amount in their note. He also stated that the amount of Beasley and Thompson's purchase was included in said note of Blasdale & Grubbs, with the knowledge and consent of the plaintiff Johnson. He further stated that Blasdale said at the time said note was filled up, in the presence of Johnson, that he had authority to fill the same up with from $2,300 to $2,500. This being all the evidence, as is set forth by the bill of exceptions, on the last page of the record, the jury found a verdict most manifestly contrary to the law and the evidence in finding for defendant, Gayden—and the refusal of the court to set aside said verdict, is justly complained of.

The principle, that one who puts his name to a blank note and sends it forth to be used, makes the holder his agent to fill it up for any amount, and is in fact an unlimited letter of credit, is too well established to need the support of authorities. Can it make any difference in this case that Johnson knew that the

note was filled up with the purchase of Beasley and Thompson, as well as with that of Blasdale & Grubbs. Certainly not, when it is proved by defendant's own witness that Blasdale, whom Gayden, according to the rule of law, had made his agent to fill up the note, stated to Johnson that he had authority to fill it up with from $2,300 to $2,500. It was filled up with $2,146. Had Johnson then any reason to suspect or suppose that Blasdale was transcending or violating his authority? Most assuredly not. It is not shown that he, Johnson, had any knowledge that the intention of Gayden was to become security for Blasdale & Grubbs's purchase alone. All the knowledge that is brought home to him, is that of the amount for which Gayden was willing to become bound. That amount was not exceeded by the addition of the purchase of Beasley & Thompson. If Blasdale & Grubbs chose to assume their debt, they had a right to do so, provided they did not go beyond the amount which they represented to Johnson they had authority to bind Gayden for: he, Johnson, was guilty of no laches or fraud in permitting them to include the amount of said Beasley and Thompson's purchase in their note. There is nothing in the testimony to warrant a presumption of fraud or improper conduct on the part of Johnson, or to authorize a verdict for Gayden. The court therefore erred in refusing a new trial.

*Thomson,* for defendants in error.

1. The note being given in blank, to be filled up for the purchase of goods by Blasdale & Grubbs, and being filled up for other purposes, does not bind. Promissory notes are not *negotiable* by the laws of Mississippi, but *assignable,* and the mercantile law does not apply to them in the above particular.

2. Johnson knew the authority to fill up the blank note was departed from in filling it up for the purchase by Beasley and Thompson, and is affected by it.

3. Johnson, from the evidence, is not a *bona fide* holder of the note, and the jury were well warranted in drawing the strongest inference against him.

Mr. Justice CLAYTON delivered the opinion of the court.

THIS was an action of assumpsit upon a promissory note for some $2,100, which was executed under the following circumstances. The defendant, Gayden, signed the note in blank, and delivered it to Blasdale & Grubbs, with authority to them to fill it up with the amount which they might purchase at the sale of Thomas Land, deceased, of whose estate Johnson was the administrator. It was the intention that Gayden should be their surety for the amount of their purchases. At the sale, Blasdale & Grubbs bought to the amount of about $1,800, and two men, by the name of Beasley and Thompson, likewise bought to the amount of $300, and when the note was about to be filled up, Blasdale & Grubbs included the amount of the purchase of Beasley and Thompson, with their own, and inserted the two together in the note, taking the note of the latter to themselves for the amount of their purchases. This was done with the knowledge of the administrator, and Blasdale stated at the time to him, that he was authorized by Gayden to fill it up with from $2,300 to $2,500. There was no proof that Johnson, the administrator, had any knowledge of what the understanding between Gayden and Blasdale & Grubbs was, other than the above statement, which was made in his presence by Blasdale.

The jury, upon the testimony, found a verdict in favor of the defendant, Gayden. A motion for a new trial was made and overruled, and the case brought up to this court by writ of error.

It is certainly true that he who signs a bill or note in blank, and delivers it to another, makes that other his agent, and authorizes him to fill it up with an indefinite amount. It is an unlimited letter of credit. Yet the rule must be received with this qualification. If there is, in fact, a limit to the authority, which has been exceeded ; if a third person takes the note with knowledge that the limit has been transcended, the note will not be binding in his hands as against the surety for the full amount. Ch. Bills, 33. 5 Cr. 151. 2 Doug. 514. But the question will arise whether the note is voidable *in toto*, or only for the excess beyond the sum which was authorized. The latter seems to us to be the true rule, and that the act of an

agent, who exceeds his authority, binds his principal to the extent of his authority, but is void for the residue. 2 Kent, 617. Story, Agency, 158. *Winth* v. *Crowther,* 1 Cromp. and Jer. Ex. Rep. 316. If the principle of failure of consideration is applied to this note, the result is the same. There was a good consideration to the extent of the purchase of Blasdale & Grubbs, but none which can be extended to Gayden for the purchase of Beasley and Thompson.

The plaintiff should therefore be permitted to recover the amount for which Gayden agreed to become bound—the amount, namely, of the purchase of Blasdale & Grubbs—but no more from Gayden. From the nature of the transaction itself, the administrator might have inferred, that Blasdale & Grubbs had authority to bind Gayden for the amount of their own purchases at the sale; but that they had none to bind him for the purchases of others. There is not, however, in our view, any evidence to create a presumption of fraud on the part of the administrator, which would prejudice his right of recovery to the extent before indicated.

A new trial will be awarded, with instructions to conform to the principles herein laid down.

*Judgment reversed, and new trial awarded.*